UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALFRED ROBINSON,

           Plaintiff,

v.                                               ACTION NO. 4:13cv144

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

Plaintiff Alfred Robinson ("Mr. Robinson" or "Plaintiff") brought this action under 42 U.S.C. §§ 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") beginning October 21, 2007, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act. The undersigned recommends that the Commissioner's decision be VACATED, and the case be REMANDED for reconsideration.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on March 4, 2010, alleging disability since October 21,

2007, based on degenerative joint disease of the right ankle, diabetes mellitus, and gastroesophageal reflux disease (GERD). R. 120, 182.[1] Plaintiff's applications were denied on September 10, 2010, and upon reconsideration on March 24, 2011. R. 120, 132. Plaintiff requested a hearing by an Administrative Law Judge (ALJ), and a video hearing was held on April 30, 2012. R. 54. Plaintiff, acting pro se, testified before the ALJ. R. 59-80.

On June 18, 2012, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. R. 9-20. Plaintiff appealed that decision to the Appeals Council, and his appeal was denied on August 29, 2013. R. 28. Therefore, the ALJ's decision stands as the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481 (2012).

Plaintiff brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny his claim for SSI under Title XVI of the Social Security Act. ECF No. 3.

Defendant moved to dismiss the case as untimely on February 18, 2014. ECF No. 6. Plaintiff filed no response to the motion, but Defendant's motion was denied based on information not available to Defendant at the time the motion was filed. ECF No. 10.

A scheduling order was entered on April 28, 2014, which required Plaintiff to file a motion for summary judgment by May 28, 2014, and required Defendant to file a reply memorandum, and cross-motion for summary judgment if desired, by June 27, 2014. ECF No. 13. Plaintiff timely filed the motion for summary judgment with an affidavit in support. ECF Nos. 15 and 16. On July 10, 2014, Defendant filed a Motion to Remand to the Social Security Administration and Memorandum in Support. ECF No. 23. Defendant requests a remand under

---

[1] The citations in this Report and Recommendation are to the Administrative Record.

sentence four of 42 U.S.C. § 405(g), arguing that additional evaluation of Plaintiff's claim is merited. Defendant requests that on remand, the ALJ:

> (1) secure all of Plaintiff's relevant medical records, ensure that the medical records are complete, and correctly and clearly label and identify the records in the Court Transcript Index;
>
> (2) consolidate the records from the Plaintiff's applications of November 16, 2007 and March 4, 2010 into a single record;
>
> (3) evaluate the December 19, 2011 opinion of Joseph Russotto, M.D., and explain the weight given to such opinion evidence;
>
> (4) order a consultative psychological examination of Plaintiff to assess whether he has a severe mental impairment and the impact of his mental condition, if any, on his work-related abilities;
>
> (5) offer Plaintiff a new hearing, take any action needed to complete the administrative record, and issue a new decision; and
>
> (6) in the event Plaintiff appears at an administrative hearing without representation, develop the record by eliciting testimony from Plaintiff that he clearly understands his rights to representation, he is knowingly and voluntarily waiving his rights to representation, and he wants to proceed with the hearing without a representative.

ECF No. 23. Plaintiff filed a Motion to Dismiss on July 24, 2014.[2] ECF No. 24.

## II. FACTUAL BACKGROUND

Born in 1963, Plaintiff was 44 years old on the alleged onset date, and was 47 years old at the time of his final administrative hearing and the ALJ's final decision. R. 120. Plaintiff completed high school, and went to college for a year and a half. R. 70. Plaintiff has past work as a rigger, forklift driver (R. 74) and at one point worked as an auto mechanic for a "three or four months" (R. 75). The injuries for which he claims disability are complications from a broken right leg and ankle, complications from bone replacement/reconstruction surgery, post-

---

[2] Plaintiff requests that the Court instead grant judgment in his favor, or grant his Motion for Summary Judgment.

3

trauma arthritis, dysfunction of right ankle joints due to destruction, soft tissue injury joint pain, and disorder due to traumatic development: loss of function of right foot and ankle and diabetes. R. 120.

### III. STANDARD OF REVIEW

This Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g) (2012); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

When reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589; *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the [Secretary's] designate, the ALJ)." *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed, unless the decision was reached by means of an improper standard or misapplication of the law. *Perales*, 402 U.S. at 390; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)). Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by

substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman,* 829 F.2d at 517.

In reviewing a decision of the Commissioner denying benefits, the Court has the power, "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g) (2012). This kind of remand is known as a "sentence four" remand, and—along with a "sentence six" remand—is one of the only two methods by which a reviewing court may remand a case under 42 U.S.C.A. § 405.

> While we did not state explicitly [before] that these were the *only* kinds of remands permitted under the statute, we do so today. Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier. . . . In light of the foregoing, we conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six.

*Melkonyan v. Sullivan*, 501 U.S. 89, 99-102 (1991). Here, claimant has not argued good cause for failing to present evidence earlier, and Defendant specifically requests a sentence four remand. Further, "if the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

## IV. <u>ANALYSIS</u>

To qualify for SSI and/or DIB, an individual must meet the insured status requirements of these sections, be under age sixty-five, file an application, and be under a "disability" as defined

5

in the Social Security Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under the Act as the inability to do any substantial gainful activity, by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a) (2012); *see also* 42 U.S.C. §§ 423(d)(1)(A) and 416(i)(1)(A) (2012). To meet this definition, the claimant must have a "severe impairment" making it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating disability claims, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents her from past relevant work, and (5) has an impairment that prevents her from any substantial gainful employment. An affirmative answer to question one, or negative answers to questions two or four, result in a determination of no disability. Affirmative answers to questions three or five establish disability. This analysis is set forth in 20 C.F.R. § 404.1520.

In order to conduct this analysis, the ALJ has a duty to develop the record. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is

inadequate."). Further, it is "settled that in pro se cases, Administrative Law Judges have a duty to assume a more active role in helping claimants develop the record." *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980) (citing *Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980)). Neighboring district courts have interpreted Fourth Circuit precedent on the issue to mean that if the record was not fully developed, "a remand is proper where the Commissioner's decision 'might reasonably have been different had that evidence been before (her) when (her) decision was rendered.'" *Kearney v. Astrue*, 730 F. Supp. 2d 482, 484 (E.D.N.C. 2010) (citing *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)).

Here, Defendant explicitly requests a remand on the ground that the record was incomplete. ECF No. 23. Despite opposing Defendant's Motion to Remand, Plaintiff agrees in several places—in his complaint (ECF No. 3), his motion for summary judgment (ECF No. 15), and his motion to dismiss (ECF No. 24)—that the record is incomplete and did not include all of the appropriate medical records.

In his complaint, Plaintiff repeats that he requested medical records from the SSA and ALJ but did not receive them. ECF No. 3. He argues that the ALJ refused to obtain the Plaintiff's medical records (ECF No. 3, at 8), SSA refuses to acknowledge the existence of other medical records (ECF No. 3, at 10), and that he urgently requested the records because it was not his wish to go through litigation without them (ECF No. 3, at 12). Specifically, he states "as of this day the Plaintiff has not received all medical records from SSA nor ALJ." ECF No. 3 at 9.

In his Motion for Summary Judgment, Plaintiff again states that he has been denied medical records, and that no one has revealed the cause of his missing medical records. ECF No. 15, at 11, 12. He claims that medical records are missing (ECF No. 15, at 7), and repeats that he "did not get a full and fair hearing" (ECF No. 15, at 13). This was because the ALJ's finding

was "based on undeveloped medical evidence, and lack[ed] any medical . . . support" such that the ALJ and Commissioner "failed to fulfill their duty to develop the record." ECF No. 15 at 25. In his Amended Affidavit, Plaintiff further contends that the ALJ and Commissioner denied him his medical records. ECF No. 16 at 4, 6, 12.

Even though the instant motion directly opposes a remand, Plaintiff emphatically contends that the medical record is incomplete.[3] He argues that he did "not get a[n] opportunity to be heard with requested medical records" (ECF No. 24, at 21 ¶12) and that "missing medical records exist" (ECF No. 24, at 21 ¶ 14, 25 ¶ 16). Further, he continues to argue that he has been denied medical records. ECF No. 24, at 39 ¶ 2. Finally, Plaintiff joins Defendant by arguing that the ALJ failed to consider the opinion of Joseph Russotto, M.D., from December 19, 2011. ECF No. 24, at 26 ¶ 23-27 ¶ 27.

The arguments from both parties convince the Court that the ALJ did not meet his heightened duty of actively helping the pro se claimant develop the record. Both parties agree that the result might reasonably have been different if the appropriate evidence had been placed before the ALJ. Without the benefit of Dr. Joseph Russotto's opinion, or information on Plaintiff's potential mental impairment, this court cannot accurately evaluate the basis for the ALJ's decision.

## V. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Defendant's Motion for Remand (ECF No. 23) be GRANTED, Plaintiff's Motion to Dismiss (ECF No. 24) be DENIED; the Commissioner's ruling should be VACATED, and the case should be REMANDED, with

---

[3] Page two on ECF No. 24 is left entirely blank, and so the electronic page numbers do not match the page numbers given by Plaintiff. For simplicity's sake, the page numbers cited here refer to the pages as labeled by Plaintiff.

instructions for the ALJ to:

>   (1) secure all of Plaintiff's relevant medical records, ensure that the medical records are complete, and correctly and clearly label and identify the records in the Court Transcript Index;
>
>   (2) consolidate the records from the Plaintiff's applications of November 16, 2007 and March 4, 2010 into a single record;
>
>   (3) evaluate the December 19, 2011 opinion of Joseph Russotto, M.D., and explain the weight given to such opinion evidence;
>
>   (4) order a consultative psychological examination of Plaintiff to assess whether he has a severe mental impairment and the impact of his mental condition, if any, on his work-related abilities;
>
>   (5) offer Plaintiff a new hearing, take any action needed to complete the administrative record, and issue a new decision; and
>
>   (6) in the event Plaintiff appears at an administrative hearing without representation, develop the record by eliciting testimony from Plaintiff that he clearly understands his rights to representation, he is knowingly and voluntarily waiving his rights to representation, and he wants to proceed with the hearing without a representative.

Plaintiff must cooperate with the Commissioner to obtain all his medical records and information required to reexamine the entire case. As Defendant emphasizes, [4] this is in Plaintiff's own best interest, because "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require." 42 U.S.C.A. § 423 (d)(5)(A).

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

---

[4] Defendant stresses that "the ultimate burden of proving disability within the meaning of the Act lies with Plaintiff . . . if Plaintiff fails to cooperate with identifying his medical providers and completing the authorizations necessary to secure his medical records, the Commissioner will render a decision based on the information available in the case." ECF No. 23, at 2 n. 1.

9

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia
December 3, 2014

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Alfred Robinson, Jr.
135 Lassiter Drive
Apt 101
Hampton, VA 23666

Mark Anthony Exley
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____/s/_____
Deputy Clerk , B. Grainger

December 3, 2014